# Forrest v. St. Luke's Hospital

354

*Aaron J. Freiwald,* for plaintiff.
*Richard F. Stevens* and *Timothy T. Stevens,* for defendant.

BRENNER, *J.,* June 13, 2005—

ORDER

Now, June 13, 2005, upon consideration of plaintiffs' motion to strike objections raised during the deposition of Steven Schweon R.N., motion to compel the re-deposition of Trina Steele R.N., plaintiffs' motion to strike objections and compel responses to request for production of documents, and plaintiffs' motion to strike objections and compel response to supplemental request for production of document number 4, and defendant's responses thereto, and after oral argument conducted before the undersigned on May 23, 2005:

It is hereby ordered that plaintiffs' motion to strike objections raised during the deposition of Steven

Schweon R.N., motion to compel the re-deposition of Trina Steele R.N. and plaintiffs' motion to strike objections and compel responses to request for production of documents are granted in part and denied in part.

It is further ordered that the plaintiffs may re-depose Steven Schweon R.N. within the applicable discovery period and inquire about the investigation he conducted into the causes of the infections that are the subject of the within lawsuit, including the findings and conclusions of that investigation.[1]

---

1. The within matter is a medical malpractice action in which the plaintiffs, Kevin Forrest and Michael Trigiani, developed sternal wound infections following heart surgery performed at St. Luke's Hospital, Bethlehem Campus on October 28, 2003 and October 27, 2003, respectively. Both plaintiffs were diagnosed with a sternal wound infection arising out of the same virulent strain of bacteria and sepsis.

On February 18, 2005, Steven Schweon R.N., St. Luke's Hospital's Coordinator of Infection Control and Prevention, was deposed. Steven Schweon R.N. testified that he initiated an investigation into the possible causes of the infections. Indeed, Steven Schweon R.N. testified that he was concerned that the operating room was the source of the infections in light of the fact that there were two patients with uncommon sternal wound infections so close together. Steven Schweon R.N. was asked numerous questions about the investigation and his conclusions including the cause of the plaintiffs' infections. Defendant's attorney objected to these questions and instructed Steven Schweon R.N. not to answer. The bases for the defendant's objections were the Pennsylvania Peer Review Protection Act, Act of July 20, 1974, P.L. 564, no. 193, §§1-4, as amended, 63 P.S. §§425.1-425.4 and the Medical Care Availability and Reduction of Error Act, 40 P.S. §1303.311 (pertaining to investigations performed by a hospital's Patient Safety Committee) (MCARE Act). Specifically, St. Luke's Hospital argues that the plaintiffs' infections constituted a "sentinel event," which triggered a sentinel event investigation that is protected under both the Peer Review Act and the MCARE Act. Consequently, on or around May 9, 2005, the plaintiffs filed the within motion to strike objections raised during the deposition of Steven Schweon R.N.

It is further ordered that the defendant shall produce Trina Steele R.N. for re-deposition within 20 days of this order to explore with the witness the nature of her com-

In the present case, immediately preceding the deposition, the defendant produced several policies and procedures of St. Luke's Hospital, including the Sentinel Event Process policy, the Infection Control Related Sentinel Event policy, the Infection Control Committee policy, and the Infection Control Program Surveillance policy. At the deposition, Steven Schweon R.N. testified that, when he found out that two in-patients had the same infection, he became concerned that there was a connection between the causes of the infection. An investigation into the cause of the infections was initiated. At his deposition, Steven Schweon R.N. claimed that the investigation was a "sentinel event investigation," governed by the defendant's Sentinel Event Process policy and the Infection Control Related Sentinel Event policy. We cannot agree.

This court recognizes that section 311 of the MCARE Act protects from discovery documents, materials and information that was solely prepared or created for the purpose of compliance with the Patient Safety Act, which is contained within the MCARE Act. 40 P.S. §1303.311(a). The MCARE Act specifically provides that the confidentiality protections shall "only apply to the documents, materials or information prepared or created pursuant to the responsibilities of the Patient Safety Committee or governing board of a medical facility . . . ." 40 P.S. §1303.311(c). In the present case, Steven Schweon R.N. did not testify at his deposition that the investigation at issue was commenced at the request of or by the defendant's Patient Safety Committee. Furthermore, neither the defendant's Sentinel Event Process policy nor the Infection Control Related Sentinel Event policy makes any mention of a Patient Safety Committee. Thus, this court finds that the investigation was not done within the confines of the Patient Safety Committee and therefore the objections based on section 311 of the MCARE Act are overruled. Defendant further argues that findings of Steven Schweon R.N's investigation are privileged and protected from discovery pursuant to the Peer Review Act because his investigation was a sentinel event investigation. However, according to the Sentinel Event Process policy, a sentinel event must occur for there to be a sentinel event investigation. However, a review of the defendant's Sentinel Event Process policy which defines sentinel event, as well as the acknowledgment from Steven Schweon R.N., demonstrate that an

munications with Steven Schweon R.N., and with the plaintiffs.[2]

enumerated sentinel event did not occur in order to trigger a sentinel event investigation. See St. Luke's Hospital's Sentinel Event Process policy. Indeed, by the defendant's own definitions, the contracting of an infection does not amount to a sentinel event. Moreover, the Sentinel Event Process policy specifically states that "all events that are or may be considered sentinel will be reported immediately to the risk manager. The risk manager will determine whether the event constitutes a sentinel one." See St. Luke's Hospital's Sentinel Event Process policy. Thus, the investigation performed by Steven Schweon R.N. was not a sentinel event investigation afforded the protection of the Peer Review Act.

Next, this court notes that the Peer Review Act provides:

"The proceedings and records of the review committee shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action against a professional healthcare provider arising out of matters which are the subject of evaluation and review by such committee, and no person who is in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions or other actions of such committee or any member thereof." 63 P.S. §425.4.

However, the Peer Review Act exempts information available from an original source. 63 P.S. §425.4. Specifically, the Peer Review Act states:

"Provided, however, that information, documents or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such committee, nor should any person who testifies before such committee or who is a member of such committee be prevented from testifying as to matters within his knowledge, but the said witness cannot be asked about his testimony before such a committee or opinions formed by him as a result of said committee hearings." 63 P.S. §425.4.

In the within matter, defendant argues that Steven Schweon R.N.'s investigation was conducted on behalf of the Infection Control Committee. Steven Schweon R.N. testified at his deposition that, although a writing was prepared that outlines his conclusions and findings, the

It is further ordered that the defendant shall provide responses to document requests nos. 1, 5, 8, 10, 13, and 18 within 20 days of the date of this order.[3]

---

Infection Control Committee was given only a verbal overview. While it is true that a copy of Steven Schweon R.N.'s report was furnished to Donna Sabol, assistant vice president of Network Performance Improvement, Steven Schweon R.N. did not discuss his investigation at a committee meeting. Only discussions conducted at a peer review meeting are protected from discovery. Moreover, Steven Schweon R.N.'s findings are not shielded from discovery under the Peer Review Act because, as the author of the report, he is the original source. See *Tirado v. Lehigh Valley Hospital,* 49 D.&C.4th 110 (Lehigh Cty. 2000).

Overall, this court finds that Steven Schweon R.N. conducted the investigation as part of the patient care and treatment process; in other words, to prevent a potential unanticipated death. Indeed, the purpose of the investigation was to determine the cause of the infections in order to treat the plaintiffs and to determine whether other patients were at risk of infection. The investigation was not initiated for the purposes of prospective policy changes, *i.e.,* quality assurance reasons which include an effort to review or improve infection practices, policies systems, protocols or patient care in general.

Finally, this court notes that, in the interest of justice, the plaintiffs are entitled to the details of the investigation. Indeed, it would be patently unfair to allow the defendant to use the information that it seeks to shield from discovery as support for its position that the infections are unrelated and merely coincidental. Denying access to the very information that the defendant intends to use to support its position that the infections are unrelated, would place the plaintiffs at an unfair disadvantage.

This court well recognizes that the peer review privilege serves a most important public purpose and must be scrupulously upheld. However, by the same token, it must never be used as a subterfuge in an attempt to withhold information to which a party is justly entitled.

2. On April 26, 2005, the deposition of Trina Steele R.N., was taken. Trina Steele R.N. was one of the healthcare providers who cared for the plaintiffs during their October of 2003 admissions. Trina Steele R.N. is a cardiovascular care coordinator who, among other things, helped in identifying in postoperative patients signs or symptoms of infection. Trina Steele R.N. testified that, as part of her job, she gath-

It is further ordered that the plaintiffs' motion to strike objections and compel responses to supplemental request for production of document number 4 is denied.[4]

ered hospital infection data for submission to the Society of Thoracic Surgeons National Database. In turn, the Society of Thoracic Surgeons routinely publishes reports to the hospitals analyzing the infection rate data submitted. Trina Steele R.N. knew that both plaintiffs suffered post-operative infections to their sternal incisions. At some point after both plaintiffs were released from the hospital, Trina Steele R.N. received an e-mail communication from Steven Schweon R.N. relating to his conclusions of the investigation. However, defendant's counsel refused to allow Trina Steele R.N. to answer any questions concerning the substance of the e-mail communications between herself and Steven Schweon R.N. because of the protections of the Peer Review Act and the MCARE Act. The record indicates that the e-mail communications pertained to Steven Schweon R.N.'s findings regarding the root cause of the infections. Trina Steele R.N. was not a member of the Infection Control Committee or the Performance and Improvement Committee. Thus, Steven Schweon R.N.'s disclosure of his findings and conclusions via the internet to Trina Steele R.N. clearly were not for quality assurance purposes, but rather for patient care and treatment. Thus, the e-mail communications between Steven Schweon R.N. and Trina Steele R.N. are not privileged and are not shielded from discovery based on the Peer Review Act.

3. On April 26, 2005, the plaintiffs served an initial set of document requests on defendant. The defendant objected to document request nos. 1, 5, 8, 9, 10, 13, 14, 17 and 18 on the basis that the documentation sought is privileged information pursuant to the Peer Review Act and/or the Health Care Quality Improvement Act of 1986, 42 U.S.C. §§11101-11152. Steven Schweon R.N. initiated the investigation and evaluated the circumstances surrounding the infections developed by the plaintiffs. Steven Schweon R.N.'s investigation included notes, memorandum letters, incident reports, e-mails and other writings relating to the plaintiffs. Also, Steven Schweon R.N. conducted interviews of health-care providers regarding the cause of plaintiffs' postoperative infections. For the reasons stated above, the defendant's objections are overruled and the defendant shall provide responses to request nos. 1, 5, 8, 10, 13 and 18.

To plaintiffs' document request no. 7, the defendant responded that copies of the sterilization records for the surgical equipment used dur-

ing the surgeries on the plaintiffs are "unknown" as the investigation is still ongoing. It is axiomatic that the defendant cannot provide the plaintiff with that which it does not have. However, once this information is acquired, this information is to be timely provided to the plaintiffs.

Furthermore, this court finds plaintiffs' request nos. 9, 14 and 17 are overly broad and unduly burdensome and suggest a fishing expedition. Thus, the objections to request nos. 9, 14 and 17 are sustained.

4. This court finds that plaintiffs' request for a copy of St. Luke's Hospital quarterly surveillance data for cardiac surgery published in the years 2001 through 2003 is unduly burdensome and broad. Thus, this court concludes that the request should be limited to the surveillance data generated for the respective plaintiffs, Kevin Forrest and Michael Trigiani.